**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
*Eastern Division*

**FILED**

AUG 3 1 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| *Wayne Brown,* | ) **CASE NO.: 4:20CV1534** |
| | ) |
| *Plaintiff;* | ) |
| | ) **Judge Benita Y. Pearson** |
| *vs.* | ) |
| | ) **Plaintiff's Verified First Amended Civil** |
| *United States of America,* | ) **Complaint for Money Damages Pursuant** |
| | ) **to the Federal Tort Claims Act** |
| *Defendant.* | ) |

## PRELIMINARY STATEMENT

1.    Wayne Brown, Plaintiff pro se, brings this action against Defendant United States of America, pursuant to the Federal Tort Claims Act, for money damages stemming from the negligent acts of its employee, Donald Cavanaugh, PA-C, when he performed a botched surgical procedure on Plaintiff on November 13, 2018. Plaintiff seeks at least $75,000 in compensatory damages. For his First Amended Civil Complaint for Money Damages, Plaintiff avers as follows:

## JURISDICTION

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b).

3.  Plaintiff has complied with all statutory prerequisites to a suit under the Federal Tort Claims Act in that:

4.  On or about December 5, 2019, Plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $75,000 with the United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office.

5.  On or about October 26, 2020, Defendant, by and through the agency's regional counsel, Darrin Howard, Esq., denied Plaintiff's Administrative Claim (Number TRT-NER-2020-01812).

6.  This action was timely commenced following the denial of the administrative claim.

### *PARTIES*

7.  Plaintiff Wayne D. Brown ("Plaintiff") is an adult citizen of the State of Indiana who was incarcerated at the Federal Correctional Institution at Elkton, Ohio during all times material to this complaint. Prior to his incarceration, Plaintiff was an independent professional musician that significantly depended on his hearing to perform at a standard commensurate with the public professional performance of music. Prior to sustaining the injuries at issue here, Plaintiff intended to return to performing music professionally for income.

8. Defendant United States of America is the defendant named in this Federal Tort Claims Act case in that the negligent acts outlined more thoroughly below were committed by at least one employee, agent, or servant of the United States of America.

9. Defendant Donald Cavanaugh, PA-C ("PA Cavanaugh"), at all times material to this action, was a physician's assistant licensed to practice medicine and authorized to provide medical treatment to federal wards at the Federal Correctional Institution at Elkton, Ohio ("FCI Elkton"), who, in the course of his employment, along with other agents, servants, and employees of Defendant United States of America, known to Defendant United States of America, but unknown to Plaintiff, committed the negligent acts that are set forth more fully below.

## *GENERAL AVERMENTS*

10. On or between October 25, 2018 and October 31, 2018, Plaintiff reported to the Health Services Unit at FCI Elkton with a chief complaint of right ear hearing loss coupled with ear pain and discomfort.

11. After PA Debra Giannone ("PA Giannone") evaluated Plaintiff, PA Giannone diagnosed a right ear infection and prescribed a ten-day course of the antibiotic Augmentin and submitted a referral request to an Ear, Nose and Throat specialist from the local community.

12. Plaintiff took the Augmentin as prescribed and awaited the referral.

13. On or about November 13, 2018, because he had completed the course of Augmentin and still had not seen the specialist, Plaintiff went back to the Health Services Unit at FCI Elkton and reported that he was still experiencing right ear pain and hearing loss.

14. Plaintiff was called by PA Cavanaugh who then evaluated Plaintiff for his continued right ear pain and hearing loss. During the encounter Plaintiff provided PA Cavanaugh a detailed medical history as requested, answered PA Cavanaugh's questions, and awaited PA Cavanaugh's review of his medical record.

15. PA Cavanaugh then examined Plaintiff's right ear by utilizing an otoscope to visualize the ear canal and informed Plaintiff that a culture needed to be extracted for further testing.

16. PA Cavanaugh did not explain the risks, benefits and/or alternatives to the procedure and did not seek or await any verbal or written consent from Plaintiff before proceeding.

17. PA Cavanaugh then proceeded to forcibly insert a cotton swab into Plaintiff's right ear canal.

18. PA Cavanaugh did not utilize any visualization tools, such as an otoscope, to guide the insertion of the cotton swab into Plaintiff's right ear canal.

Page 4 of 14

19. Shortly after inserting the cotton swab into Plaintiff's right ear canal, PA Cavanaugh met resistance and could not advance the cotton swab any further.

20. PA Cavanaugh then put his free hand on the opposite side of Plaintiff's head and forced the cotton swab further into Plaintiff's right ear canal despite the resistance.

21. As soon as PA Cavanaugh forced the cotton swab further into Plaintiff's ear canal, Plaintiff screamed out in pain, saw a bright white light flash before his eyes, and heard a sound equivalent to violent car crash.

22. In response to Plaintiff's scream, PA Cavanaugh stated, "Oh, Did that hurt?"

23. Plaintiff responded in the affirmative.

24. PA Cavanaugh failed to further evaluate Plaintiff's right ear canal to determine if any damage was done during the culture extraction.

25. PA Cavanaugh failed to schedule any follow-up evaluations following the botched culture extraction procedure.

26. PA Cavanaugh failed to prescribe any medication for the pain even though Plaintiff specifically requested that it be considered.

27. PA Cavanaugh did continue Plaintiff's course of Augmenten and further prescribed acid based ear drops and instructed Plaintiff to follow the prescriptions.

28. Plaintiff complied with PA Cavanaugh's instructions by taking the Augmentin and applying the ear drops diligently despite the ear drops causing substantial pain when applied.

29. Between November 13, 2018 (the date of the botched culture extraction) and March 12, 2019, Plaintiff submitted numerous electronic "cop-outs"[1] advising the Health Services Unit that his ear pain was substantially worse since the botched culture extraction. Plaintiff was never given any results from the culture. The ear drops also caused substantial pain when applied.

30. On or about March 12, 2018, Plaintiff was finally seen by Dr. Kathy McNutt ("Dr. McNutt") and PA Giannone for his annual chronic care physical examination.

31. During the examination, PA Giannone examined Plaintiff's right ear canal and asked Plaintiff if he had put anything in his own right ear because, according to PA Giannone, there was a "hole" in Plaintiff's right ear drum.

32. Plaintiff explained to PA Giannone that he had not put anything in his ear canal, but that PA Cavanaugh forcibly inserted a cotton swab several weeks prior.

33. PA Giannone did not further comment on the ruptured ear drum.

---

[1] An electronic "cop out" is a computer generated "Inmate Request to Staff" that the Bureau of Prisons instructs federal inmates to utilize to communicate with federal employees of the prison. See Federal Bureau of Prisons' Program Statement 4500.12, Chapter 14.10, Section "k."

34.    After four long months of pain and suffering, on or about March 28, 2019, Plaintiff was finally evaluated by a specialist ear, nose and throat physician from Fifth Avenue Otolaryngologists.

35.    During the encounter, the specialist physician noted that Plaintiff's right ear drum was ruptured.

36.    According to the specialist physician, the damage from the botched culture extraction was now permanent and that had Plaintiff been referred immediately following the botched culture extraction, Plaintiff could have been successfully treated and the drum repaired.

37.    As a direct and proximate cause of PA Cavanaugh's errors and omissions in failing to properly perform a culture extraction; detect, diagnose and treat the physical injury caused by the botched culture extraction; and/or seek an expert consultation within a reasonable amount of time of the botched culture extraction; Plaintiff suffers from substantial right ear hearing loss, perpetual ringing sounds in his right ear, syncope, vertigo, nausea, right ear pain, right jaw pain, and popping sounds.

### CAUSES OF ACTION

**First Cause of Action**
**Medical Malpractice**

38.    Plaintiff restates and incorporates by reference paragraphs 1 - 37 as if set forth fully herein.

39. PA Cavanaugh, at all times material to this cause of action was an employee, agent, and/or servant of Defendant United States of America.

40. PA Cavanaugh was licensed to practice medicine and did provide medical care to Plaintiff at all times material to this complaint.

41. Defendant, PA Cavanaugh, was negligent in failing to obtain informed consent from Plaintiff prior to inserting a cotton swab into Plaintiff's right ear canal.

42. Defendant, PA Cavanaugh, was negligent in failing to utilize an otoscope or other readily available guidance tool in order to visually guide the cotton swab into Plaintiff's right ear canal so as to prevent physical damage to Plaintiff's right ear drum.

43. Defendant, PA Cavanaugh, was negligent in failing to re-evaluate Plaintiff's right ear following clear signs of physical injury caused by forcing a cotton swab through Plaintiff's right ear drum.

44. Defendant, PA Cavanaugh, was negligent in failing to prescribe Plaintiff any pain medication following the physical injury Defendant Cavanaugh caused to Plaintiff's right ear drum.

45. Defendant, PA Cavanaugh, was negligent in prescribing and instructing Plaintiff to utilize acid based ear drops after significantly damaging Plaintiff's right ear drum.

46. Defendant, PA Cavanaugh, was negligent in failing to follow-up with Plaintiff following the botched culture extraction.

47. Defendant, PA Cavanaugh, was negligent in failing to immediately refer Plaintiff to a medical expert for further evaluation and treatment of the ear drum injury PA Cavanaugh caused by forcing a cotton swab through the ear drum.

48. Defendant, PA Cavanaugh, by his above negligent actions, failed to follow generally accepted medical standards. Had Defendant PA Cavanaugh done so, Plaintiff would not have suffered physical damage to his right ear drum, permanent hearing loss, perpetual ringing, occasional syncope, persistent vertigo, and/or nausea.

### Second Cause of Action
### Medical Battery

49. Plaintiff restates and incorporates by reference paragraphs 1 - 37 as if set forth fully herein.

50. PA Cavanaugh, at all times material to this cause of action, was an employee, agent, and/or servant of Defendant United States of America.

51. PA Cavanaugh intended to inflict offensive or harmful contact upon Plaintiff in that PA Cavanaugh failed to inform Plaintiff of the risks, benefits, or alternatives and further failed to give Plaintiff any warning prior to forcibly

inserting a cotton swab into Plaintiff's right ear and thus failed to secure Plaintiff's informed consent to the procedure prior to conducting it.

52. PA Cavanaugh caused harmful or offensive contact to Plaintiff by forcibly inserting, without Plaintiff's informed and/or direct consent, a cotton swab into Plaintiff's right ear canal, causing significant and irreparable damage to Plaintiff's right ear drum.

### Third Cause of Action
### Infliction of Emotional Distress

53. Plaintiff restates and incorporates by reference paragraphs 1 - 37 as if set forth fully herein.

54. Plaintiff suffered a physical injury within the meaning of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) in that a ruptured ear drum is a physical injury.

55. PA Cavanaugh intended to cause Plaintiff emotional distress or should have known that his actions in forcibly inserting a cotton swab into Plaintiff's right ear canal and puncturing Plaintiff's right ear drum would result in serious emotional distress to Plaintiff.

56. PA Cavanaugh's conduct in forcibly inserting a cotton swab into Plaintiff's right ear canal and puncturing Plaintiff's right ear drum was so extreme and outrageous as to go beyond all possible bounds of decency such that it can be considered as utterly intolerable in a civilized society.

57. PA Cavanaugh's conduct in forcibly inserting a cotton swab into Plaintiff's right ear canal and puncturing Plaintiff's right ear drum was the proximate cause of Plaintiff's emotional distress in that Plaintiff now suffers from agitation, anxiousness, apprehension, apprehensiveness, care, concern, concernment, disquiet, disquietude, fear, nervousness, perturbation, solicitude, sweat, unease, uneasiness, worry, depression, dejection, desolation, despondency, disconsolateness, dispiritedness, dreariness, dumps, forlornness, gloom, joylessness, melancholy, miserableness, and/or unhappiness especially when Plaintiff must see a medical professional for his health care needs.

## *PUNITIVE DAMAGES*

58. Plaintiff restates and incorporates by reference paragraphs 1 - 57 as if set forth fully herein.

59. PA Cavanaugh knowingly, willfully, intentionally, maliciously, oppressively, or recklessly with a wanton disregard for Plaintiff's health and safety violated his fiduciary, ethical and constitutional obligations as a physician's assistant, admitted to practice medicine by the Federal Bureau of Prisons, is the kind of evil mind conduct under federal and Ohio law that is aggravated, outrageous, malicious and pernicious thus compelling an award of punitive damages for the sake of good order among medical professionals

licensed to practice within federal institutions; to protect and/or restore public confidence and integrity to the prison medical care system and the profession of medicine; to deter any future similar conduct by Defendant's employees, agents or servants, or other medical professionals that choose to treat federal prisonrrs; and/or to compensate Plaintiff for the extreme harm and suffering inflicted upon him in an amount to be determined at trial.

### *PRAYER*

60.   **WHEREFORE**, Plaintiff prays the Court enter judgment against Defendant United States of America under the Federal Tort Claims Act for medical malpractice, medical battery and emotional distress inflicted upon Plaintiff by Defendant United States of America's employee, agent, or servant Donald Cavanaugh, in an amount to be determined at trial but in no event less than $75,000, punitive damages in an amount to be determined at trial, pre- and post-judgment interest as allowed by law, and all other relief that Plaintiff is entitled.

//

//

Dated: ___August 26_____ ,2021
Joint Base MDL, New Jersey

Respectfully Submitted,


BY:


_Wayne D. Brown_____
Wayne Brown
Plaintiff Pro Se
Inmate Reg. No. 15808-028
Federal Correctional Institution
Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

## Verification

I am the Plaintiff proceeding pro se in the above styled and captioned cause.
Unless stated to be upon information and belief, all of the factual matter contained
in the foregoing complaint is true and correct to my best efforts, recollection and
knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746.

_Wayne D. Brown_____
Wayne Brown
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I certify that on August __25__ , 2021, I caused a true and correct copy of the foregoing to be mailed to counsel of record for the United States at the following address:

> Rema A. Ina, Esq.
> Sara E. DeCaro, Esq.
> Assistant United States Attorneys
> United States Courthouse
> 801 West Superior Ave.
> Suite 400
> Cleveland, OH 44113

I further declare under the penalty of perjury that on August __26__ , 2021, I caused a true and correct copy of the foregoing to be mailed to

> U.S. District Court
> Northern District of Ohio
> Attn: Clerk's Office
> 801 West Superior Ave.
> Cleveland, OH 44113-1835

Wayne D. Brown

_____
Wayne Brown
Plaintiff Pro Se

Page 14 of 14